TOWNLEY v. FALL BROOK COAL CO.

(Supreme Court, General Term, Fifth Department.   January 23, 1891.)

1. NEGLIGENCE—FIRES—SUFFICIENCY OF EVIDENCE.
    In an action for negligently burning plaintiff's saw-mill, it appeared that defendant's employes made 8 or 10 piles of old cross-ties along defendant's railroad track in front of the mill, which was about 6 rods distant, and set them on fire about 3 o'clock in the afternoon, and went away before 6 o'clock.   At 7 o'clock that evening the mill was found to be on fire, and the fire was extinguished by plaintiff's son, who lived near by.   The mill was again found to be on fire at 8 o'clock in the morning, but too late to save it.   The mill was run by water, and was not operated or occupied at the time of the fire.   The ties were piled in a cut, the bank of which, on the side towards the mill, was higher than the piles.   Defendant introduced evidence that the mill was set on fire by a tramp.   Held, that a verdict for plaintiff would not be disturbed.

2. SAME—INSTRUCTIONS.
    The court properly refused to charge that "the jury cannot find in favor of plaintiff unless they find that defendant's men were guilty of negligence in leaving the tie-piles or fires without watching at seven o'clock on the morning the mill was burned," as it assumes that the fire could not have been communicated after 7 o'clock, and that, if it had been communicated before that time, it must have been discovered before 8 o'clock.

Appeal from circuit court, Steuben county.

Action by William F. Townley against the Fall Brook Coal Company. From a judgment in favor of plaintiff entered on the verdict of a jury, and from an order of special term denying a motion for a new trial on a case and exceptions, defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

B. L. Smith, for appellant.   G. T. Spencer, for respondent.

DWIGHT, P. J.   The action was for the alleged negligent burning of the plaintiff's saw-mill with its contents, located on the west side, and within six rods of the track, of the defendant's road, in the town of Hornby.   On the 21st of October, 1886, the defendant's track foreman and hands made 8 or 10 piles of old, worn-out ties, of hemlock and oak, along the east side of the track in front of the mill, and extending both north and south of it, a distance, in all, of about 350 feet, and set them on fire.   The firing was concluded at from 3 to 4 o'clock in the afternoon, and the track hands went away before 6.   At about 7 o'clock that evening a fire was discovered in the mill on the other side of the railroad by a person, who gave the alarm, and it was extinguished by a son of the plaintiff, living near by, and a man in his employ. At about 8 o'clock the next morning the mill was again discovered to be on fire, but too late to save it, and it was consumed with its contents.   The mill was run by water.   It was not operated or occupied in any way on either of the days mentioned, and no fire was shown to be nearer to it than the piles of burning ties.   So far the facts are undisputed, but there is a marked conflict of evidence in respect to most of the other facts bearing upon the principal questions in the case, which are whether the mill was fired by sparks from the burning ties, and, if so, whether there was negligence on the part

of the defendant in respect either to lighting, guarding, or controlling those fires. We have carefully examined the evidence which bears upon those questions, and, although, as it appears in the record, it does not make a case to our minds by any means free from doubt, yet we think it does make a case which the court was in duty bound to submit to the jury, and upon which the verdict could not well have been disturbed on the motion for a new trial. Whether or not the act of the defendant was within the statute (Laws 1885, c. 283, § 25) quoted by counsel for the defendant, to show that the defendant was required by law to burn or remove these ties from its right of way, it was certainly within the unquestioned rule of the common law which required that, if they were to be burned, it must be done at a time, in a place, and with precautions which should reasonably protect adjoining lands and adjacent buildings from the danger of communication of the fire. It seems not to have been a very eligible place for the burning of so large a quantity of dry material, viz., in front of a saw-mill not much more than six rods away, which, like other mills of its kind, was mostly open in front, while its floor was spread with inflammable materials,—sawdust, chips, and shavings; and the line of fire covered its front, and extended beyond it in both directions. If such a place must be chosen for the burning of these ties, it is manifest that the operation must be conducted with a degree of care and circumspection proportioned to the danger apparently involved. On the other hand, the fact appeared that the fires were built in a cutting, and that the bank, on the side towards the mill, was higher than the tops of the piles. How far this fact relieved the situation of danger it was for the jury to say; and so in respect to all the facts which entered into the question of the degree of care or of negligence exercised by the defendant's servants in the matter of burning these ties.

Apparently the question most in dispute was whether, in fact, the fire which consumed the mill was communicated from the burning ties. This was a fact which, independent of the negligence of the defendant, the plaintiff was bound to establish by a fair preponderance of the evidence. It involved, among other things, the question of the force and direction of the wind; the character and progress of the fires, and their condition, at times relative to the discovery of the fires in the mill. The conflict of evidence upon these questions was very marked, but in respect to this, as to the questions already considered, we think the evidence made a case which required to be submitted to the jury. It was as bearing upon this question, and tending to show that the fire was of incendiary origin, that evidence was offered by the defendant, the rejection of which gave rise to several of the exceptions taken by the defendant on the trial. Evidence was received to show that, in the summer before the fire, a tramp had appeared in the neighborhood, who made threats of vengeance against "the Townleys" for refusing him a breakfast; and that he was seen later, and finally as late as the Sunday before the fire, in the same vicinity. Counsel for the defendant then offered to prove that, the next summer after the fire, the same tramp reappeared in the neighborhood, and had another interview with the witness Mrs. Karick, who testified to the threats, and who discovered and gave the alarm of the first fire in the mill; that in this interview the tramp declared that he set the first fire in the mill, with details of the manner in which it was done, corresponding with some of the circumstances which other evidence tended to show accompanied that act; and that after he set the fire he observed her actions before and at the time she discovered the fire, and gave the alarm, which actions he described. The offer also embraced a proposition to show that the witness Mrs. Karick saw and identified the same tramp in jail in an adjoining county in the state of Pennsylvania, where he was held under a charge of arson, and to produce the record of his conviction, in that state, of the crime mentioned. The exceptions to the exclusion of this evidence seem not to have been well

taken. The story supposed to be told by the tramp, though presenting a curious correspondence with some details of fact which the jury might find to be established in the case, was yet only the declaration of a third person, which was inadmissible as against either party to the action, and the offer to show that he had been convicted of the crime of arson elsewhere was wholly irrelevant. Undoubtedly evidence that the tramp was at the mill on the evening before it was destroyed, and that he set the fire which was extinguished that evening, would have been relevant, as was the evidence already received that he was in the neighborhood shortly before, and made threats against the owner of the mill; but the evidence offered to show those facts was inadmissible. The exception to the refusal of the court to charge that "the jury cannot find in favor of the plaintiff unless they find the defendant's men were guilty of negligence in leaving the tie-piles or fires without watching at seven o'clock on the morning the mill was burned," was not well taken. The request necessarily assumes that there was no possibility of fire being communicated to the mill after 7 o'clock, and that if it had been communicated before that hour it must have been discovered before 8 o'clock. The court properly submitted both of those questions to the jury. The foregoing are the only exceptions argued in the elaborate brief of counsel for the defendant, and are the only ones which seem to require attention. The judgment and order appealed from should be affirmed. All concur.